Norfolk

PHILLIP R. BARNES

v.

CITY OF NEWPORT NEWS

No. 0320-88-1

Decided February 27, 1990

COUNSEL

James S. Ellenson, for appellant.

Collins L. Owens, Jr., Assistant City Attorney (Verbena M. Askew, City Attorney and Allen L. Jackson, Deputy City Attorney, on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal we hold that an appeal of a district court order revoking a suspended sentence must be heard de novo in the circuit court. The district court convicted the defendant of driving under the influence of alcohol, granted the defendant's request to enter the Virginia Alcohol Safety Action Program, suspended the defendant's driver's license for six months, imposed a $500 fine, and sentenced the defendant to five months in jail. Most of the sentence, including the jail sentence, was suspended conditioned upon the defendant's successful completion of the Virginia Alcohol Safety Action Program. The defendant failed to

successfully complete the program. Approximately one year after the conviction, the district court found that the defendant had violated the conditions of the suspension of the sentence and revoked suspension of the jail sentence. The defendant appealed this revocation to the circuit court. The circuit court, relying on an opinion from the Attorney General,[1] refused to provide the defendant with a de novo trial on the revocation, and restricted the appeal to a review of whether the district court had abused its discretion. The defendant contends that the trial court erred because he was entitled to a de novo review in the circuit court.

■ The statutes governing an appeal from the district court to the circuit court resolve this issue. A person convicted in a court not of record of any offense which is not a felony has the right, within ten days of the conviction, to appeal to the circuit court. Code § 16.1-132. This right of appeal includes an order "revoking any suspension of sentence." *Id.* Such an appeal must "be heard de novo in the appellate court . . . and, except in the case of an appeal from any order . . . forfeiting any recognizance or revoking any suspension of sentence, the accused shall be entitled to trial by a jury." Code § 16.1-136. The words of these statutory provisions are not ambiguous.

■ Where the words of a statute are clear and unambiguous, further judicial construction is not required. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). We may not "resort to legislative history and extrinsic facts" to interpret words whose meaning is clear. *Id.* We must "take the words as written" and give them their plain meaning. *Id.* Thus, any appeal, including an appeal of a revocation proceeding, is subject to the requirement that it be heard de novo. *Cf. Grogg v. Commonwealth*, 6 Va. App. 598, 606, 371 S.E.2d 549, 552 (1988).

The exception in the statute applying to forfeiture of recognizances or revocations of suspended sentences does not affect the right to a trial de novo. The exception merely provides that in such cases there is no right to a jury trial. *See* Code § 16.1-136.

■ One purpose for a de novo appeal from a court not of record is the assurance of the right to a jury trial; *Saunders v.*

---

[1] Opinion of Attorney General to the Honorable Fred W. Bateman, Sept. 2, 1983, *1983-84 Report of the Att'y General*, at 15.

*Reynolds*, 214 Va. 697, 703-04, 204 S.E.2d 421, 426 (1974); however, the de novo appeal serves other functions as well. A true appellate review must be based on the record made in the trial court. *Commonwealth v. Smith*, 230 Va. 354, 362-63, 337 S.E.2d 278, 283 (1985). Since a reviewable record is seldom made in a court not of record, a true appellate review is usually not feasible in an appeal from a district court. Furthermore, in a de novo appeal, the burden of proof remains on the prosecution, *Box v. Talley*, 1 Va. App. 289, 292, 338 S.E.2d 349, 351 (1986); in a true appellate review an appellant is required to show that the evidence failed to support the trial court's decision, *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987); or that the trial court abused its discretion, *Watkins v. Commonwealth*, 229 Va. 469, 480, 331 S.E.2d 422, 431 (1985). Without a complete record, it would be difficult, if not impossible, for a litigant to show that the evidence did not support the findings or constituted an abuse of discretion. A de novo trial in the circuit court creates the record for true appellate review and thereby allows the district court to hear cases without the expense associated with generating a reviewable record.

■ A de novo appeal of the revocation of a suspended sentence is not an appeal of the original determination of guilt or innocence or the imposition of the original sentence. Such a result would render meaningless the requirement that an appeal under Code § 16.1-132 be made within ten days of the conviction. Intead, an appeal, timely noted, of an order revoking a suspended sentence assures only a de novo review of the subject matter of that order.

For these reasons, we conclude that the appeal of an order of the district court revoking a suspended sentence requires a de novo review by the circuit court. The judgment of the trial court in this case, therefore, is reversed and the matter is remanded to the trial court for further proceedings.

*Reversed and remanded.*

Baker, J., and Willis, J., concurred.