## CIRCUIT COURT OF HENRICO COUNTY

Hamlet Condominium Association

 v.

Jean J. Robinson

Case No. CL90-1401

Hamlet Condominium Association

 v.

Douglas Sebastian

Case No. CL90-1402

March 4, 1991

By JUDGE JAMES E. KULP

 These cases have been consolidated as they present an identical issue. The issue to be resolved is whether the filing of a Motion for New Trial in the general district court pursuant to § 16.1-97.1 of the Code extends the time for filing an appeal pursuant to § 16.1-106.

 These cases arose with the filing by plaintiff of warrants in debt against the defendants. The cases were consolidated for trial and jointly heard by the General District Court on June 18, 1990. The cases were taken under advisement, and on June 27, 1990, the Court rendered a written opinion finding that the plaintiff should prevail in each case and advising the parties that judgment would be entered for the plaintiff on June 29, 1990. Judgment

was in fact entered upon the warrant in each case on June 29, 1990, pursuant to § 16.1-94.

On June 28 and 29, 1990, defendants' counsel wrote letters to the Court submitting additional materials to be considered by the Court in arriving at its decision. It is obvious that these letters crossed in the mail with the Court's letter opinion dated June 27, 1990. This new material was not brought to the Court's attention until July 9, 1990, and on July 10, 1990, the Court wrote a letter affirming the judgments of June 29, 1990. On July 16, the defendants filed their notices of appeal.

Subsequently, on July 20, 1990, defendants' counsel filed a Motion for Relief from Final Order in which counsel noted the judgment from which relief was sought was the judgment of June 29, 1990. On August 6, 1990, the Court wrote a letter opinion in which it treated the June 28 and 29, 1990, letters from defendants' counsel as Motions to Rehear or Reconsider. The Court denied the motions, and again defendants filed notices of appeal on August 15, 1990.

The thrust of defendants' argument is that counsel assumed that his letters of June 28 and 29, 1990, would serve as a stay of the Court's decision, and that the Court's letter of July 10, 1990, is the date of judgment, rather than June 29, 1990.

In the Court's opinion, the filing of the letters of June 28 and 29, 1990, by defendants' attorney did not stay the judgments entered on June 29, 1990, nor did they have any effect on the running of the ten-day period for noting an appeal as required by § 16.1-106. In analogous circumstances, the Supreme Court has held that:

> [n]either the filing of post-trial or post-judgment motions . . . . nor the court's taking such motions under consideration . . . nor the pendency of such motions on the twenty-first day after final judgment . . . is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 or the 30-day period prescribed by Rule 5:9. The running of time under those rules may be interrupted only by the entry, within the 21-day period

after final judgment, of an order suspending
or vacating the final order. (Citations omitted.)

*School Board of Lynchburg v. Caudill Rowlett Scott, Inc.,*
237 Va. 550, 556 (1989).

Litigants have a right to know when litigation has ended. If a disappointed litigant has not filed the notice of appeal within the time period fixed by statute, the other party is entitled to assume no appeal will be forthcoming and may act on that assumption. *See, Avery v. County School Board*, 192 Va. 329 (1951); *Mayo v. Commonwealth*, 4 Va. App. 520 (1989).

The provisions of § 16.1-97.1 lend no support for the defendants' position. Rather, the statute makes clear that "[n]othing contained in this section shall operate . . . to alter the requirements for appeal from any judgment of any district court as otherwise provided by law." Therefore, the filing of a motion for a new trial under Section 16.1-97.1 has no effect upon the running of the ten days to note an appeal under § 16.1-106.

The defendants' argument that the mere writing of a letter to the Court stays the running of the statutory time period for appeal not only is unsupported by statute, but is impractical as well. If taken to its logical conclusion, an aggrieved litigant could indefinitely postpone a judgment by the simple expediency of writing letters to the court. Under defendants' theory, every answer to the litigant's letters becomes a new judgment date, and a new ten-day appeal period commences from that date. Such an argument fails of its own weight. Since no notice of appeal was filed within ten days of June 29, 1990, the defendants may not appeal that judgment.

In the Court's opinion, the statutes provide aggrieved litigants two separate and distinct remedies in general district courts. One is the right to appeal to the circuit court and obtain a trial *de novo* pursuant to § 16.1-106. The other is to file a motion for a new trial in the general district court pursuant to § 16.1-97.1. If a litigant determines to follow the appeal route, the jurisdiction of the general district court is extinguished upon the filing of the notice of appeal. All papers are to be promptly transmitted to the Clerk of the Circuit Court pursuant to § 16.1-112. On appeal, the circuit court shall

hear all evidence produced by either party, whether or not it had been produced before the general district court. *See* § 16.1-113.

If a litigant decides to forego the right of appeal, the litigant may nevertheless file a motion for a new trial provided such motion is filed within thirty days of the date of judgment. If the general district court denies the motion for a new trial, such ruling is appealable if taken within ten days after such order. The appeal of a ruling denying a new trial, however, is limited to the issue whether the general district court should have granted a new trial. *Cf., Barnes v. City of Newport News*, 9 Va. App. 466 (1990).

The defendants further assert that the general district court failed to properly consider their motion for new trial filed with the Court on July 20, 1990. While it appears that the Court did consider the matters presented in the letters from June 28 and 29, no hearing was held as provided by § 16.1-97.1. Accordingly, the Court will remand these cases to the general district court for a hearing on defendants' motion for a new trial.