## *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **7th** *day of* **June, 2022**.

Commonwealth of Virginia,                                                                                          Petitioner,

 against

Circuit Court Nos. JA023950-02-00 through JA023950-06-00

Devin Denny,                                                                                                                      Respondent.

Upon a Hearing En Banc

From the Circuit Court of the City of Alexandria

Before Chief Judge Decker, Judges Humphreys, Beales, Huff, O'Brien, Russell, AtLee, Malveaux, Athey, Fulton, Ortiz, Causey, Friedman, Chaney, Raphael, Lorish and Callins

Pursuant to Code §§ 19.2-124(B) and -398(B), and Rule 5A:2(b), the Commonwealth appeals from

the Circuit Court for the City of Alexandria's ("circuit court") denial of its motion to revoke Devin Denny's

bail.[1]  The Commonwealth contends that the circuit court erred by reviewing only the alleged new conduct

---

[1] Pursuant to Code § 17.1-402(D), this Court, on its own motion, has decided to consider this matter *en banc*.  On April 12, 2022, we issued an order notifying the parties that the Court would be considering the Commonwealth's appeal *en banc*.  *See Commonwealth v. Denny*, Cir. Ct. Nos. JA023950-02-00 through JA023950-06-00 (Va. Ct. App. Apr. 12, 2022) (unpublished order).  A dissent to that order incorporated an unissued decision of a three-judge panel in this matter.  *See id.* at *2-18 (Chaney, J., dissenting).  Following the entry of our April 12, 2022 order, Denny filed a motion requesting that this Court vacate the order and issue and publish the decision of the three-judge panel.  Denny argues that our decision to consider this case *en banc* was untimely under Rule 5A:34(c), which provides that "[a] rehearing en banc on motion of this Court must be ordered no later than 20 days after the date of rendition of the order to be reheard."  Denny relies on language in the dissent to our April 12 order indicating that the unissued three-judge decision "rendered a decision by Order" in this matter on March 17, 2022, and notes that our April 12 order deciding to consider the matter *en banc* was entered more than twenty days from March 17.

It is axiomatic that, until an order is issued by an appellate court, no order has been rendered.  Because in this case no order was issued by this Court before the April 12 order, we reject Denny's argument and deny his motion to vacate the April 12 order and issue the three-judge panel decision.  Prior to the three-judge order being issued in the instant case, a motion was made *sua sponte* to consider this matter *en banc*.  *See* Code § 17.1-402(D) ("The court may sit en banc upon its own motion at any time or upon the petition of any party, in any case in which a majority of the court determines it is appropriate to do so.").  Here, the three-judge order was not issued because the motion for rehearing *en banc* stayed the matter.

that led to the motion to revoke bail and not the underlying offense in determining whether to revoke his bail. The Commonwealth also argues that the circuit court erred in failing to give significant weight to several factors that indicated that Denny's release would constitute an unreasonable danger to the public. For the reasons stated, we reverse the order of the circuit court.

## I. BACKGROUND

Denny was charged with attempted malicious wounding, in violation of Code §§ 18.2-51 and -26, robbery, in violation of Code § 18.2-58, burglary, in violation of Code § 18.2-91, assault and battery of a family member, in violation of Code §18.2-57.2, and destruction of property, in violation of Code § 18.2-137, all resulting from an incident involving J.L., the complaining witness and mother of his children. Following his arrest on June 14, 2021, Denny was released from incarceration by the magistrate and admitted to bail with a secured bond of $2,000. At his advisement on June 30, 2021, the City of Alexandria Juvenile and Domestic Relations District Court ("JDR court") amended Denny's bond conditions to require that he reside at 121 Yuma Street, Washington, D.C., and that he have no contact with J.L. The Commonwealth did not appeal this bail determination.

In early December 2021, the Commonwealth moved the JDR court to revoke Denny's bail based on J.L.'s allegation that Denny had violated the no-contact provision of his bond. On December 10, 2021, the JDR court held a hearing on the Commonwealth's motion to revoke bail, which it granted. Denny then appealed to the circuit court, which held a hearing on December 16, 2021.

At that hearing, the Commonwealth proffered that, in violation of the no-contact order, J.L. had received a phone call and a Facebook communication from Denny. The Commonwealth then proffered the details of the underlying incident that had led to Denny's charges, describing his alleged assault against J.L. and the related burglary, robbery, and destruction of property offenses against her. The Commonwealth also reviewed for the circuit court Denny's prior criminal history.

In response, counsel for Denny challenged the veracity of J.L.'s account of the assault and her statements regarding the subsequent contacts Denny made in violation of the no-contact order.

-2-

Counsel for Denny noted that the Commonwealth had not appealed the initial orders from the magistrate and JDR court granting Denny bail and argued that the court should "not . . . revisit the entire bond issue" but instead only consider the alleged new conduct in determining whether to revoke bail. The Commonwealth disagreed, contending that the circuit court had to consider Denny's entire history and the underlying incident.

The circuit court reinstated Denny's prior secured bond. In its ruling, it noted that while "there's certainly reason to believe that he's made some contact with the alleged victim . . . , the question is given all the circumstances does that necessitate revoking the bond that he was on for a number of months. And I think the answer is no." Additionally, in response to the Commonwealth's question as to whether the circuit court would stay its order to allow the Commonwealth to appeal it, the court responded, "I'm not going to stay it. But, of course, you're welcome to appeal. But I think the argument about the violent felony was made, I don't know, you said six months ago, I think the time to appeal that was then."

The Commonwealth appeals that decision.

## II. ANALYSIS

The Commonwealth contends that the circuit court erred by reviewing only Denny's alleged new conduct and not the underlying offense in determining whether to revoke his bail. Based upon our review of the statutory scheme relating to bail and bail revocations, we agree.

In this case, Denny was admitted to bail by the magistrate pursuant to Code § 19.2-120, the statute governing pretrial bail. Code § 19.2-120(A) provides that "[a] person who is held in custody pending trial or hearing for an offense . . . shall be admitted to bail," unless a judicial officer determines there is probable cause to believe that the accused "will not appear for trial or hearing or at such other time and place as may be directed" or "[h]is liberty will constitute an unreasonable danger to himself, family or household members as defined in [Code] § 16.1-228, or the public." Code § 19.2-120(B) provides that

> [i]n making a determination under subsection A, the judicial officer shall consider all relevant information, including (i) the nature and circumstances of the offense; (ii) whether a firearm is alleged to have been used in the

-3-

commission of the offense; (iii) the weight of the evidence; (iv) the history of the accused or juvenile, including his family ties or involvement in employment, education, or medical, mental health, or substance abuse treatment; (v) his length of residence in, or other ties to, the community; (vi) his record of convictions; (vii) his appearance at court proceedings or flight to avoid prosecution or convictions for failure to appear at court proceedings; and (viii) whether the person is likely to obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness, juror, victim, or family or household member as defined in § 16.1-228.

After Denny was released on bail and given a secured bond, the Commonwealth moved to revoke his admission to bail under Code § 19.2-132. That statute, which governs revocation of bail, provides in pertinent part that

[i]f the amount of any bond fixed by a judicial officer is subsequently deemed insufficient, or the security taken inadequate, or if it appears that bail should have been denied or that the person has violated a term or condition of his release, or has been convicted of or arrested for a felony or misdemeanor, the attorney for the Commonwealth of the county or city in which the person is held for trial may, on reasonable notice to the person and, if such person has been admitted to bail, to any surety on the bond of such person, move the appropriate judicial officer to increase the amount of such bond or to revoke bail. The court may grant such motion and may require new or additional sureties therefor, or both, or revoke bail.

Code § 19.2-132(A). The statute itself does not set forth any standard that courts should use when determining whether to grant or deny a motion to revoke bail. Rather, it merely provides the specific circumstances under which the Commonwealth is permitted to move to revoke a defendant's bail, where: (1) "it appears that bail should have been denied"; (2) the defendant "has violated a term or condition of his release"; or (3) the defendant "has been convicted of or arrested for a felony or misdemeanor." *Id.*

Pursuant to this statutory scheme, after the Commonwealth has filed a motion to revoke bail under Code § 19.2-132, a court is presented with the decision of whether to deny the motion to revoke, thus leaving the defendant's admission to bail in place, or to grant the motion, thus rescinding the defendant's admission to bail. This decision is, in substance, a determination of whether the defendant should be admitted to bail at the time the Commonwealth has filed the motion to revoke bail. Accordingly, because the court is determining whether the defendant should be admitted to bail, in a revocation proceeding under Code § 19.2-

-4-

132 the court must use the same general standard for admission to bail found in the pretrial bail statute, Code § 19.2-120.[2]

In the instant case, the circuit court failed to consider Code § 19.2-120 in determining whether to revoke Denny's bail. Instead, it only considered the alleged new conduct, rather than viewing all of this new information in light of all of the circumstances in total, when making its determination whether to revoke bail.[3] As noted above, the standard for admitting an accused to bail found in Code § 19.2-120 mandates that bail should be granted unless the court determines that there is probable cause to believe that the accused "will not appear for trial or hearing or at such other time and place as may be directed" or "[h]is liberty will constitute an unreasonable danger to himself, family or household members as defined in [Code] § 16.1-228, or the public." Code § 19.2-120(A). In addition, in making these determinations, the court should consider the factors enumerated in Code § 19.2-120(B). *See* Code § 19.2-120(B). One of those factors is "the nature and circumstances of the offense," which the circuit court did not consider in making its revocation decision. Code § 19.2-120(B)(i). The circuit court was required to look to Code § 19.2-120 and the factors enumerated

---

[2] Our prior case law supports our conclusion that the determination of whether to revoke bail is based on the same standard as an initial determination of whether to grant bail. In *Dorsey v. Commonwealth*, 32 Va. App. 154, 168 (2000), we noted, "The Supreme Court of Virginia has held that bail can be revoked upon a finding of probable cause to believe that, among other things, the accused is a danger to society." We further noted that "[i]f an application for bail, *i.e.*, release from custody, *can be denied* upon a finding of probable cause to believe that the accused will not appear or will constitute an unreasonable danger while at liberty, bail *can be revoked* upon such a finding." *Id.* (quoting *Heacock v. Commonwealth*, 228 Va. 235, 240 (1984), *overruled in part on other grounds by Green v. Commonwealth*, 263 Va. 191, 195-96 (2002)). Thus, based on this language, the Supreme Court in *Heacock* clearly "h[eld] the denial of bail and the revocation of bail to the same standard of proof." *Id.* at 171 n.5.

[3] As noted above, at the bail revocation hearing, Denny argued that the circuit court should consider only the alleged new conduct in determining whether to revoke bail, while the Commonwealth asserted that the court must also consider Denny's criminal history and the underlying incident. It is clear from the circuit court's ruling that it adopted the position advanced by Denny, as it stated in its ruling that "the argument about the violent felony was made, I don't know, you said six months ago, I think the time to appeal that was then." We disagree with the dissent's assertion that the circuit court's denial of the motion to revoke bail was based on its consideration of the totality of the circumstances, as it clearly did not consider the underlying conduct in determining whether to revoke bail.

in subsection B of the statute in determining whether to revoke bail, and it failed to do so in this case by limiting its consideration to only the new conduct alleged by the Commonwealth.

The conclusion that the court must utilize Code § 19.2-120 in a bail revocation proceeding is even more evident when viewed through the lens of the procedural posture of this case. Here, the Commonwealth moved the JDR court to revoke Denny's bail based on his alleged contacts with J.L. The JDR court granted this motion; at that point, Denny's bail was revoked and he was incarcerated. Denny then appealed to the circuit court, which held a *de novo* hearing on his appeal of the JDR court's bail revocation decision. Denny's appeal of the JDR court's decision, while in a *de novo* posture for consideration by the circuit court, was in essence a motion for bail because his bail had already been revoked by the lower court.[4]

Because the circuit court erred by not considering the totality of the circumstances related to bail found in Code § 19.2-120 in Denny's bail revocation proceeding, we reverse the court's order and remand this case to the circuit court for further proceedings consistent with this order.[5]

---

[4] Here, the Commonwealth moved to revoke Denny's bail based on a violation of his conditions of release. The dissent asserts that under Code § 19.2-132(A), if the underlying violation is not proved, the motion to revoke bail must be denied, and that the majority's holding is flawed because it does not address this issue. We note that this issue is not in contention in this case because the circuit court did find that Denny violated the no-contact condition of his bond. Therefore, it is not necessary for the resolution of this appeal for us to determine whether the Commonwealth must first prove a violation of a condition of release and what standard of proof the Commonwealth must satisfy in establishing such a violation. *See Foltz v. Commonwealth*, 58 Va. App. 107, 114 (2011) ("[W]e seek to decide cases, 'on the best and narrowest ground available' from the record." (quoting *Kirby v. Commonwealth*, 50 Va. App. 691, 698 n.2 (2007))).

In addition, the dissent contends that, in determining whether there was probable cause to find that Denny's release would constitute an unreasonable danger or risk of flight, one of the circumstances to consider is the prior judicial determination admitting him to bail. We disagree. The plain language of Code § 19.2-132 allows a court to revoke bail "if it appears that bail should have been denied or that the person has violated a term or condition of his release, or has been convicted of or arrested for a felony or misdemeanor." Code § 19.2-132(A). Absent from Code § 19.2-132 is any language providing that a court must give deference to a prior judicial officer's decision to grant bail. Courts may not "add language to the statute the General Assembly has not seen fit to include." *Holsapple v. Commonwealth*, 266 Va. 593, 599 (2003). Thus, we cannot read into Code § 19.2-132 requirements that simply do not exist. *See also Dorsey*, 32 Va. App. at 168-69 (rejecting appellant's argument that initial determinations by judicial officers admitting him to bail "were findings that he did not present a danger to society" and that these findings were "entitled to the highest degree of deference").

[5] We note that adopting the position that a circuit court need only consider an alleged new violation of a condition of release in a revocation proceeding might lead to unintended consequences. If a defendant

-6-

Chaney, J., dissenting.

I respectfully dissent from the Court's *en banc* order because the circuit court did not abuse its discretion in denying the Commonwealth's motion to revoke bail.[6] The record does not support the Court's findings that (i) "the circuit court failed to consider Code § 19.2-120 in determining whether to revoke Denny's bail" and (ii) the circuit court "only considered the alleged new conduct, rather than viewing all of the circumstances in total, when making its determination whether to revoke bail." Rather, the record shows that the circuit court's denial of the motion to revoke bail was based on its consideration of the totality of the circumstances, including information about the underlying charges and other information related to the factors enumerated in Code § 19.2-120(B). Under the applicable standard of review, the circuit court's order denying the Commonwealth's motion to revoke bail should be affirmed. *See Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) ("[T]he abuse of discretion standard requires a reviewing court to show enough deference to

_____

committed a relatively minor violation of a condition of release, a court could revoke bail on this ground without considering the Code § 19.2-120(B) factors, even in cases where the Code § 19.2-120(B) factors strongly support pretrial release.

[6] Although the Court moved *sua sponte* for rehearing *en banc*, the Court did not request additional briefing or schedule the matter for oral argument. Therefore, the *en banc* Court considered nothing new and relied on the same record and pleadings that a divided panel of the Court (Judges Chaney and Causey in the majority and Judge Malveaux dissenting) considered when the panel's majority affirmed the circuit court's order denying the Commonwealth's motion to revoke bail.

On March 17, 2022, before the *sua sponte* motion for rehearing *en banc* was made, the panel submitted to the Clerk of Court its finalized 18-page order in this case, which included an order for publication. The panel's submission of its finalized order of the Court was in fulfillment of its duty pursuant to Code § 17.1-402(C), which requires that "[e]ach panel shall hear and determine, independently of the others, the petitions for appeal pursuant to § 17.1-406 or 19.2-398 and appeals in criminal and civil cases assigned to that panel." Notwithstanding this procedural history, the Court's March 17, 2022 order ("the March 17, 2022 order") was never issued or published. Rather, the issuance and publication of the March 17, 2022 order was withheld when the *sua sponte* motion for rehearing *en banc* was made, and the March 17, 2022 order was, in effect, expunged when the Court granted its own motion for rehearing *en banc*. Since the *en banc* Court misconstrued Code § 17.1-402(D) as authorizing it to expunge rather than vacate the March 17, 2022 order, I dissented from the Court's April 12, 2022 unpublished *en banc* order granting the *sua sponte* motion for rehearing *en banc*. In my dissent to the April 12, 2022 *en banc* order, I included the March 17, 2022 order in its entirety to preserve the accurate lawful procedural history. My dissenting opinion here is consistent with the majority's opinion in the March 17, 2022 order affirming the circuit court's denial of the Commonwealth's motion to revoke bail.

a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013))); *see also Lawlor*, 285 Va. at 212–13 ("[W]hen a decision is discretionary . . . 'the court has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" (ellipses in original) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps.*, 282 Va. 346, 352 (2011))).

On appellate review of an order denying the Commonwealth's motion to revoke bail, we review the facts in the light most favorable to the defendant, the party prevailing below, and grant to him the benefit of all reasonable inferences from the evidence. *See, e.g., Taylor v. Commonwealth,* 70 Va. App. 182, 185 (2019). This Court defers to the trial court's factual findings unless they are plainly wrong or without evidence to support them. *See, e.g., Vandyke v. Commonwealth*, 71 Va. App. 723, 730 (2020). We review issues of law *de novo*. *Taylor*, 70 Va. App. at 185.

The Commonwealth alleges on appeal that in denying its motion to revoke bail, "the circuit court erred by focusing its decision on the circumstances of Mr. Denny's bond revocation, to the exclusion of the underlying facts and circumstances of the case." However, the alleged error is non-existent in the record.

At the circuit court hearing on the Commonwealth's motion to revoke bail, after both parties presented evidence and arguments,[7] the circuit court stated on the record that it found "reason to believe that [Mr. Denny] made some contact with the alleged victim," in violation of the no-contact condition of his bond.[8] Notwithstanding this violation, the circuit court lawfully decided not to revoke Mr. Denny's bail.[9] In denying

---

[7] The evidence was presented by proffers, except for Mr. Denny's introduction of his phone records. No witnesses for the Commonwealth were present at the hearing.

[8] Tr. at 24.

[9] The circuit court and the parties did not consistently distinguish between bail and bond, and the circuit court referred to the issue as "revoking the bond." More precisely, the proceeding in the circuit court was a bail revocation hearing. *See Heacock v. Commonwealth*, 228 Va. 235, 239-240 (1984).

the Commonwealth's motion to revoke bail, the circuit court pronounced its judgment that revocation of bail was not necessitated "given all the circumstances."[10] This pronouncement indicates that the circuit court's judgment was correctly based on its consideration of the totality of the circumstances.

The record shows that the circuit court's decision was based on its consideration of the totality of the circumstances, including information related to the factors enumerated in Code § 19.2-120(B).

<u>Commonwealth's Proffers and Arguments related to the Code § 19.2-120(B) factors</u>

The circuit court considered the following:

- The Commonwealth's detailed proffers about the nature and circumstances of the underlying alleged offenses;

- The Commonwealth did not proffer that a firearm was used in the commission of the alleged offenses;

- The Commonwealth's proffers about the defendant's prior criminal record, including three assault convictions, a theft conviction, and a protective order violation, in addition to non-convictions for failure to appear and unserved fugitive warrants;

- The Commonwealth's proffer that the complainant was terrified of the defendant; and

- The Commonwealth's arguments that the defendant posed a danger to the community, a danger to the alleged victim, and a risk of flight.

*See* Code §§ 19.2-120(B)(i), (ii), (vi), (vii), (viii).

<u>Defendant's Proffers and Arguments related to the Code § 19.2-120(B) factors</u>

The circuit court considered the following:

- The Defendant's proffers about the accuser's credibility and the weight of the evidence for the underlying allegations;

- The Defendant's proffers that his District of Columbia parole conditions include a curfew and ankle monitoring;

- The Defendant's argument that ankle monitoring was sufficient to protect the alleged victim;

- The Defendant's proffer that, according to his parole officer, the defendant was in full compliance with the conditions of his parole;

---

[10] Tr. at 24.

- The Defendant's proffers of evidence relating to his strong ties to the community and his family support;

- The Defendant's proffers of evidence relating to his employment; and

- The Defendant's proffers of evidence relating to his record of appearing as required for the prior proceedings in this case.

*See* Code §§ 19.2-120(B)(i), (iii), (iv), (v), (viii).

The circuit court's rulings during the hearing also indicate that the circuit court was considering all relevant information related to the Code § 19.2-120(B) factors. Over the defendant's objection, the circuit court heard the Commonwealth's proffers regarding charges for failures to appear and fugitive warrants that did not result in convictions. When the Commonwealth finished presenting detailed proffers and arguments related to the Code § 19.2-120(B) factors, the circuit court allowed defense counsel to present "argument about the underlying facts." In response to the Commonwealth's proffers about the underlying charges, defense counsel proffered that the complainant's boyfriend, who was allegedly present during the commission of the alleged offenses, did not corroborate the complainant's allegations. Defense counsel also proffered that the accuser's testimony about the underlying allegations was found to be not credible at a parole violation hearing, resulting in the dismissal of the parole violation charge.

After hearing the proffers and arguments from both parties, the circuit court ruled that revocation of Mr. Denny's admission to bail was not necessitated "given all the circumstances." The totality of the circumstances considered by the circuit court included information about the facts and circumstances of the charged offenses; the weight of the evidence for the charged offenses; the defendant's record of convictions and prior charges for failure to appear in court; the defendant's record of appearing in court for prior proceedings in this case; the defendant's family and community ties; and additional proffered information related to the Code § 19.2-120(B) factors.

The Commonwealth's claim that the circuit court "shut their eyes to the Defendant's history and the underlying facts of the case"[11] is baseless and is a mischaracterization of a comment made by the circuit court after it denied the Commonwealth's motion to stay its order.[12] In denying the Commonwealth's request for a stay pending appeal, the circuit court responded to the Commonwealth's misstatements about the motion at issue before the circuit court. During the hearing, the circuit court ruled that the proceeding before the court was a *de novo* hearing on the motion that was on appeal from the JDR court—which was the Commonwealth's motion to revoke bail.[13] Disregarding the circuit court's ruling, the Commonwealth stated in response that the defendant "is now currently moving for bond."[14] The Commonwealth repeated this misstatement about the nature of the proceeding when it concluded, "[u]nder the circumstances, Your Honor, we would ask that the bond motion be denied."[15] After the circuit court denied the Commonwealth's motion for a stay pending appeal, the court referred to *the argument made six months ago* and noted, "the time to appeal that was then."[16] The circuit court's comment was responsive to the Commonwealth's mischaracterization of the nature of the proceeding in the circuit court and was an accurate statement about the legal time limit to appeal the order setting a bond. This Court should decline the Commonwealth's invitation to "fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been

---

[11] Commonwealth's Mot. at 8.

[12] Pursuant to Code § 19.2-124(C), "[n]o such stay under this subsection may be granted after any person who has been granted bail has been released from custody on such bail." Therefore, because the defendant had been released on bail and was restored to that status by the circuit court's order, the circuit court lacked authority to grant the Commonwealth's motion to stay its order.

[13] Tr. at 13.

[14] Tr. at 13.

[15] Tr. at 20.

[16] Tr. at 25.

misapplied." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 363 n.11 (2018) (quoting *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977)).

Despite the circuit court's ruling that the December 16, 2021 proceeding was a *de novo* hearing on the Commonwealth's motion to revoke bail, the Commonwealth's motion on appeal to this Court is mistitled, "Motion for Review of Order Granting Pre-trial Bail."[17] This Court's *en banc* order adopts the Commonwealth's mischaracterization of the nature of the proceeding in the circuit court.[18] According to this Court's order, Mr. Denny's *de novo* appeal of the JDR court's order granting the Commonwealth's motion to revoke bail "was in essence a motion for bail because his bail had already been revoked by the lower court." This contention is incorrect as a matter of law. An appeal of a bail decision from a general district court to a circuit court is an appeal *de novo*.[19] An appeal *de novo* "means that the appeal shall be tried 'anew, afresh, over

_____

[17] The right to appeal bail decisions pursuant to Code § 19.2-124 includes decisions on motions to revoke bail. *See Dorsey v. Commonwealth*, 32 Va. App. 154, 171 (2000).

[18] It appears that the matter was brought before the circuit court by Mr. Denny's motion to reinstate his bond. At the beginning of the circuit court hearing, Mr. Denny's counsel explained the procedural history and clarified that Mr. Denny was appealing the JDR court's order granting the Commonwealth's motion to revoke his bond. *See* Tr. at 3-4. In response, the Commonwealth argued that the issue before the circuit court was "not a relitigation of the decision made to revoke his bond[.]" Tr. at 10. However, the Commonwealth referred to the prior proceeding in the JDR court as "the bond revocation hearing." Tr. at 11. The Commonwealth also acknowledged that the motion decided by the JDR court was "the Commonwealth's motion to revoke[.]" Tr. at 11. The circuit court ruled on the record that the circuit court proceeding was a *de novo* hearing on appeal of the JDR court's order, which was an order granting the Commonwealth's motion to revoke Mr. Denny's bond. *See* Tr. at 13. The circuit court's order granting Mr. Denny's motion to reinstate his bond effectively denied the Commonwealth's motion to revoke his bond.

[19] The General Assembly evidently intended an appeal pursuant to Code § 19.2-124 from a court not of record to a circuit court to be a *de novo* appeal because a *de novo* appeal is necessary to ensure that a record is created to allow the review in the appellate courts that Code § 19.2-124 provides. *See* Code § 19.2-124(A) ("Any bail decision made by a judge of a court may be appealed successively by the person to the next higher court, up to and including the Supreme Court of Virginia, where permitted by law.); Code § 19.2-124(B) ("The attorney for the Commonwealth may appeal a bail, bond, or recognizance decision to the same court to which the accused person is required to appeal under subsection A."); *Barnes v. City of Newport News*, 9 Va. App. 466, 469 (1990) ("A true appellate review must be based on the record made in the trial court. *Commonwealth v. Smith*, 230 Va. 354, 362-63 (1985). Since a reviewable record is seldom made in a court not of record, a true appellate review is usually not feasible in an appeal from a district court."). *See also* Code § 16.1-132 ("There shall also be an appeal of right from any order or judgment of a district court forfeiting any recognizance or revoking any suspension of sentence."); Code § 16.1-136 ("Any appeal taken under the provisions of this chapter shall be heard *de novo* in the appellate court[.]").

again, a second time.'" *Baylor v. Commonwealth*, 190 Va. 116, 122 (1949) (quoting Black's Law Dictionary, Deluxe Edition; Ballentine's Law Dictionary, 1st ed.).  Therefore, as the circuit court recognized on the record, the issue before the circuit court was the Commonwealth's motion to revoke bail—not the defendant's motion to grant admission to bail.  The circuit court's ruling denying the Commonwealth's motion to revoke bail superseded and annulled the JDR court's order granting the motion to revoke bail.  *See Santen v. Tuthill*, 265 Va. 492, 496 (2003) ("the effect of an appeal to circuit court is to 'annul[] the judgment of the inferior tribunal'" (alteration in original) (quoting *Gaskill v. Commonwealth*, 206 Va. 486, 490 (1965))).  Thus, as a matter of law, the JDR court's order revoking the defendant's bail did not survive the *de novo* appeal to circuit court.  When the circuit court denied the Commonwealth's motion to revoke bail, Mr. Denny's bail status was automatically restored by operation of law and the magistrate's order admitting Mr. Denny to bail—with additional conditions imposed by the JDR court—was in effect.

The Court's *en banc* order holds that in a hearing on a motion to revoke bail under Code § 19.2-132, "the court is determining whether the defendant should be admitted to bail."  On its face, this holding is illogical because a person's bail status cannot be revoked unless he has already been admitted to bail.  This holding also absurdly implies that the Commonwealth's filing of a motion to revoke bail effectively revokes bail; otherwise, the court hearing the motion to revoke bail would not be determining whether the defendant should be admitted to bail.  *See Eastlack v. Commonwealth*, 282 Va. 120, 126 (2011) ("statutes are to be construed so as to avoid an absurd result.") (citing *Commonwealth v. Doe*, 278 Va. 223, 230 (2009)).

This Court's holding is also flawed because it does not require the circuit court in a *de novo* hearing of a motion to revoke bail to determine whether the Commonwealth's evidence supports the allegation(s) on which the motion is based.  Accordingly, under this Court's order, the circuit court was not required to determine *de novo* whether the defendant violated a condition of his release.  However, under a correct reading of Code § 19.2-132, if the underlying allegation is not proved, the motion to revoke bail must be denied.  *See* 8 C.J.S. Bail § 146 ("When the grounds for revoking bail are set forth by statute, the state must establish that one of the statutory grounds has occurred before revocation of bail is proper.")  The fact that a motion to revoke bail can be

properly denied based on the Commonwealth's failure to establish the alleged statutory basis for the motion shows that the decision on a motion to revoke bail is not a determination of whether the defendant should be admitted to bail.

Here, the circuit court found probable cause to believe that Mr. Denny violated the no-contact condition of his bond. This finding was not a sufficient basis to revoke bail given the clear legislative intent that every person be released on bail unless there is probable cause to believe that (i) he will not appear in court as required or (ii) his liberty will constitute an unreasonable danger to himself, his family or household members, or the public. *See* Code § 19.2-120(A).

The circuit court's ruling that revocation of Mr. Denny's bail was not necessitated "given all the circumstances" reflects the circuit court's determination that the Commonwealth failed to establish probable cause to believe that Mr. Denny's liberty constituted an unreasonable danger or an unreasonable risk of his non-appearance in court. The facts support the circuit court's decision whether or not the circuit court gave any weight to the prior judicial determination admitting Mr. Denny to bail.[20] In the light most favorable to the prevailing party below, Mr. Denny, the facts include the following:

- The violation of the no-contact condition did not involve any in-person contact.

---

[20] Given that the General Assembly provided the Commonwealth a right to appeal a defendant's admission to bail under Code § 19.2-124(B), it appears that Code § 19.2-132 (providing for motions to modify bond and revoke bail) is not intended to provide the Commonwealth with a means for seeking a *de novo* decision on whether the defendant should have been admitted to bail—unless the Commonwealth's motion to revoke bail alleges that "it appears that bail should have been denied," pursuant to Code § 19.2-132(A). By providing this specific statutory basis for bail revocation based on information that was unavailable when a judicial officer originally admitted a defendant to bail, the General Assembly evinced its intent not to require trial courts to make a *de novo* determination of whether a defendant should have been admitted to bail when deciding motions to revoke bail on other statutory grounds.

Here, upon finding Mr. Denny in violation of a condition of his release, the circuit court was required to determine, considering the totality of circumstances, whether the Commonwealth proved that the violation *created* probable cause to believe that Mr. Denny's liberty would constitute an unreasonable danger or risk his non-appearance in court. Accordingly, one of the circumstances to be considered is the prior judicial determination admitting the defendant to bail, *i.e.*, the prior judicial determination that there was no probable cause to believe that the defendant's liberty would constitute an unreasonable danger or risk his non-appearance in court.

-14-

- All of the underlying charges involve the same accuser, whose testimony about the underlying charges was found to be not credible when she testified at the defendant's parole violation hearing—resulting in dismissal of the alleged parole violation.

- The accuser's boyfriend did not corroborate her allegations, although he was present when the alleged offenses were alleged to have occurred.

- There is no allegation of firearm use.

- The defendant has been fully compliant with his parole, including compliance with his curfew restrictions.

- The defendant's parole officer monitors his whereabouts with an ankle monitor, which serves to deter the defendant from leaving the District of Columbia, where he resides and works. This ankle monitoring protects the defendant's accuser, who resides in Virginia.

- The defendant has his family's support and family ties in the District of Columbia.

- The defendant has no prior convictions for failure to appear in court.

- The defendant has appeared in court for all proceedings in this case.

On this record, a reasonable fact-finder could have found, upon consideration of the totality of the circumstances, that Mr. Denny's liberty would not constitute an unreasonable danger or risk his non-appearance in court. A reasonable fact-finder could have found that the evidence in support of the underlying charges is weak because (i) the accuser's testimony about the allegations was found to be not credible at a parole violation hearing, resulting in dismissal of the parole violation charge and (ii) the other purported witness to the alleged offenses did not corroborate the accuser's allegations. Additionally, a reasonable fact-finder could have found that Mr. Denny's liberty would not constitute an unreasonable danger to the accuser because his whereabouts can be adequately monitored by ankle monitoring. A reasonable fact-finder could find that ankle monitoring has effectively deterred Mr. Denny from leaving the District of Columbia, where he resides and works—and thereby serves to protect the accuser, who resides in Virginia. Therefore, a reasonable fact-finder could have found that Mr. Denny's liberty would not constitute an unreasonable danger, notwithstanding the serious nature of the underlying charges. Furthermore, because Mr. Denny (i) has appeared as required for all court proceedings in this case and (ii) has no prior convictions for failure to appear in court, a reasonable fact-finder could have found

that Mr. Denny's liberty would not unreasonably risk his non-appearance in court. Therefore, the circuit court did not abuse its discretion in denying the Commonwealth's motion to revoke bail.

For these reasons, I respectfully dissent.[21]

_____

This order shall be published and certified to the circuit court.

A Copy,

Teste:

A. John Vollino, Clerk

By:  *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

_____

[21] I also dissent from the Court's denial of Mr. Denny's motion to vacate the Court's order granting the *sua sponte* motion for rehearing *en banc*.