COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Athey and White
Argued at Salem, Virginia

JAMISON RICHARD JONES

v.      Record No. 0431-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE CLIFFORD L. ATHEY, JR.
MARCH 14, 2023

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

Carlos A. Hutcherson for appellant.

John Beamer, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Following a bench trial, the Circuit Court for the City of Lynchburg ("trial court")

convicted Jamison Richard Jones ("Jones") of possession of a firearm as a convicted violent

felon, possession of ammunition as a convicted felon, possession of a firearm while possessing

methamphetamine, and possession of methamphetamine. Jones appeals the trial court's denial of

his suppression motions. We reverse the judgment of the trial court and remand the case for

further proceedings consistent with this opinion.

I. BACKGROUND

Lynchburg Police Officer J.M. Pavia ("Officer Pavia") obtained a search warrant for a

house located at 65 Riverside Drive in the City of Lynchburg following visual surveillance of the

dwelling and four trash pulls that uncovered drug paraphernalia and methamphetamine residue.

The warrant specifically permitted the search of the following:

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

65 Riverside Dr., Lynchburg, VA 24503, a single family dwelling with tan shingle siding.  The numbers 65 are posted on the mailbox directly in front of the residence.  GPS coordinates:  []37 26'40.44" N, 79 10'22.249" to include the curtilage of the property as well.  All persons present including Jamison Jones, John Jones, Trista Jones, and Charles Miller as described in affidavit.

In the affidavit supporting the issuance of the search warrant, Officer Pavia identified several vehicles, including a gold Saturn SUV, and expressed his belief that there was "a high likelihood" that the vehicles were "being used in the distribution and transportation of illegal narcotics" because the home's residents were "constantly driving, sitting in or retrieving items from these vehicles."  Nevertheless, the search warrant itself did not authorize the search of any vehicles.

Jones was not present at 65 Riverside Drive when law enforcement executed the search warrant.  However, during the search, Jones turned his gold Saturn SUV onto Riverside Drive.  Upon seeing law enforcement vehicles at the residence, Jones shifted the vehicle into reverse, backed up, turned around, and drove away.  At trial, Officer Pavia testified that the SUV was approximately fifteen to twenty yards from the outer perimeter established by the officers when Jones first turned the SUV around.  Officer Pavia further testified that he recognized Jones driving the vehicle and embarked in an unmarked police car to follow him.  Approximately two miles from 65 Riverside Drive, Jones pulled the SUV into a gas station parking lot and got out of the vehicle.  Officer Pavia pulled into the parking lot and activated his emergency lights.  He then approached Jones and advised him that he possessed a warrant authorizing the search of both Jones's person and the SUV.  Officer Pavia searched Jones's person and found a round of ammunition and a red baggy containing methamphetamine in Jones's pocket.  Then, another officer who rode with Officer Pavia observed a handgun on the floor of the SUV under the

driver's seat. They advised Jones of his *Miranda*[1] rights, and he admitted to owning the handgun found on the floor of the SUV. They arrested Jones for possession of methamphetamine, possession of a firearm while possessing methamphetamine, and possession of both a firearm and ammunition after being convicted of a violent felony.

Pretrial, Jones moved to suppress the evidence seized during the search of his person and the SUV based on his contention that the search warrant did not authorize the police to search either Jones or the SUV. Following a suppression hearing, the trial court denied the motion to suppress and held that the search warrant authorized the search of Jones and the SUV because Jones was "present on the scene" when he turned the SUV onto Riverside Drive. The trial court further held that even if the search warrant did not authorize the search of Jones and the SUV at the gas station parking lot, exigent circumstances justified the search. Jones then filed a second suppression motion challenging the issuance of the search warrant based on a lack of probable cause. The trial court denied this motion as well, finding that probable cause existed in support of the search warrant and even if the search warrant was invalid, the officers relied in good faith on the search warrant rendering the application of the exclusionary rule inappropriate. Following trial, Jones was convicted of all four felony charges, and the trial court sentenced Jones to a total of thirteen years' imprisonment with six years suspended. Jones appealed the trial court's denial of his suppression motions.

II. ANALYSIS

A. *Standard of Review*

"When reviewing a denial of a motion to suppress evidence, an appellate court considers the evidence in the light most favorable to the Commonwealth and 'will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'"

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

*Mitchell v. Commonwealth*, 73 Va. App. 234, 245 (2021) (quoting *Taylor v. Commonwealth*, 70 Va. App. 182, 186 (2019)). "On appeal, a 'defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that an appellate court must review de novo on appeal.'" *Bryant v. Commonwealth*, 72 Va. App. 179, 186 (2020) (quoting *Commonwealth v. Robertson*, 275 Va. 559, 563 (2008)).

> B. *The trial court erred by holding that the search warrant authorized the search of Jones and the SUV when the search was effectuated two miles from the dwelling at 65 Riverside Drive.*

Jones contends that the search warrant did not authorize the search of his person unless he was present at 65 Riverside Drive. He also contends that the trial court erred in holding that the good faith exception would apply in the alternative. Since we agree that the search warrant was valid but did not permit the search of Jones or the SUV at a gas station two miles from the dwelling listed in the search warrant, we conclude the search of Jones and the SUV was warrantless and the good faith exception does not apply.

1. Jones was not present at 65 Riverside Drive.

"The Fourth Amendment requires search warrants to 'particularly describ[e] the place to be searched, and the persons or things to be seized.'" *Jeffers v. Commonwealth*, 62 Va. App. 151, 156 (2013) (quoting U.S. Const. amend. IV). "[T]he scope of a search is limited by the terms of the authorizing warrant." *Rosa v. Commonwealth*, 48 Va. App. 93, 98 (2006).

Here, the warrant authorized the police to search "[a]ll persons present including . . . Jones." However, Jones was not "present" at 65 Riverside Drive at any point during the execution of the search warrant. In fact, the closest Jones came to the premises to be searched was approximately fifteen to twenty yards *from the perimeter* established by the officers—not the house. In addition, Jones was never within the curtilage of the premises nor was he able to reenter the residence due to Riverside Drive being blocked by police. Thus, Jones was not

present at 65 Riverside Drive and, although the search warrant was valid, it did not authorize the search of him or the SUV which occurred approximately two miles from the dwelling being searched.

### 2. The good faith exception to the exclusionary rule does not apply.

The Commonwealth asserts that if this Court deems the search warrant invalid for lack of probable cause, the good faith exception to the exclusionary rule should apply because the officers reasonably relied on the search warrant. We disagree.

"Generally, '[w]here law enforcement officers illegally search private premises or seize property without probable cause . . . the illegally seized evidence will be excluded . . . .'" *Anzualda v. Commonwealth*, 44 Va. App. 764, 779 (2005) (en banc) (quoting *Colaw v. Commonwealth*, 32 Va. App. 806, 810 (2000)). However, the exclusionary rule does not apply when:

> (1) police conduct a search in "objectively reasonable reliance" on a warrant *later held invalid*;[2] (2) police act in "objectively reasonable reliance" on subsequently invalidated statutes; (3) police act in "objectively reasonable reliance" on erroneous information concerning an arrest warrant in a database maintained by judicial employees; (4) police act in "objectively reasonable reliance" on erroneous records maintained by police employees in a warrant database; and (5) police act in "objectively reasonable reliance" on binding appellate precedent.

*Va. Prac. Criminal Procedure* § 6:6 (2022-2023 ed.) (emphasis added).

Here, we find that, based on the surveillance and trash pulls, probable cause existed and justified the issuance of a search warrant for the dwelling and for Jones if he was present when the search warrant was executed. So, the search warrant was validly issued. However, as previously discussed, Jones was never present on the premises during the execution of the search warrant at 65 Riverside Drive. Thus, the search of Jones and the SUV occurred outside the

---

[2] This is the only exception to the exclusionary rule that the parties address.

scope of the warrant. Since we do not find the search warrant invalid, the good faith exception to the exclusionary rule does not apply. *See Polston v. Commonwealth*, 255 Va. 500, 503 (1998) (ruling that the good faith exception applies "when a police officer, acting in objective good faith, obtains a search warrant from a magistrate and conducts a search *within the scope of the warrant*" (emphasis added)). Instead, the search of Jones and the SUV was a warrantless search.

C. *The trial court erred in holding that, even if the search of Jones and the SUV was not within the scope of the search warrant, the search was justified by exigent circumstances.*

Jones next contends that he was unlawfully detained because the police lacked probable cause to search him or the SUV at the gas station. He also argues, in the alternative, that no exception to the warrant requirement applies to the unique set of facts here. Since we find that the officers lacked probable cause to execute a warrantless search of Jones or the SUV, we need not analyze whether an exception to the warrant requirement applies in this case.[3]

"[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." *Barnes v. Commonwealth*, 279 Va. 22, 34 (2010) (quoting *Hollis v. Commonwealth*, 216 Va. 874, 877 (1976)). "Probable cause takes into account the 'totality of the circumstances surrounding the search,' because the 'question whether the Fourth Amendment has been violated is always a question of fact to be determined from all the circumstances.'"

---

[3] The officers could have searched Jones without probable cause if he had been detained in the "immediate vicinity of the premises to be searched." *Bailey v. United States*, 568 U.S. 186, 200-01 (2013). But in *Bailey*, the United States Supreme Court held that an individual detained 0.7 mile from the house being searched was not in the "immediate vicinity." *Id.* at 202; s*ee also Whitaker v. Commonwealth*, 37 Va. App. 21, 32 (2001) (holding that a defendant detained 1.5 miles from the premises being searched was not within the "immediate vicinity"). Here, it is clear that Jones, who was two miles away from 65 Riverside Drive, was similarly not in the "immediate vicinity of the premises to be searched." Therefore, this exception to the probable cause requirement does not apply.

*Bunch v. Commonwealth*, 51 Va. App. 491, 495 (2008) (first quoting *Cost v. Commonwealth*, 275 Va. 246, 251 (2008); and then quoting *Malbrough v. Commonwealth*, 275 Va. 163, 168 (2008)). "Where the standard is probable cause, a search . . . of a person must be supported by probable cause *particularized with respect to that person*." *Maryland v. Pringle*, 540 U.S. 366, 373 (2003) (emphasis added). "This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be." *Id.*

We disagree with the Commonwealth that based upon the totality of circumstances here, Officer Pavia had sufficient probable cause to search Jones.[4] Although Officer Pavia did find drugs in the trash located outside of 65 Riverside Drive where Jones lived with three other adults, and Officer Pavia was aware that Jones had been charged four previous times with intent to distribute a Schedule I/II narcotic, he lacked probable cause to execute a warrantless search of Jones or the SUV. When Jones turned around in his SUV before approaching the house on 65 Riverside Drive, there is no evidence in the record establishing that he was fleeing or that the officers were in hot pursuit. To the contrary, Riverside Drive was blocked by law enforcement who had established an outer perimeter to ensure the safety of individuals driving or walking along Riverside Drive. During the two-mile distance Officer Pavia followed the SUV, he failed to activate the emergency lights or the siren on the unmarked police cruiser and never initiated a traffic stop of the SUV. Officer Pavia finally activated his lights and approached Jones and the SUV only after Jones had already pulled into the gas station parking lot, turned off the SUV, and gotten out of the vehicle. There was also no evidence presented that tied Jones, instead of one of the other three residents, to the drugs found during the trash pulls. Nor was there any evidence in

---

[4] The Commonwealth does not argue that the officers had a reasonable and articulable suspicion that a crime was being committed and were stopping Jones pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 (1968).

support of searching the SUV outside the fact that it had been parked at 65 Riverside Drive several times and that Jones frequently drove it. Further, Officer Pavia mistakenly advised Jones that he possessed the authority to search him and his SUV based upon the search warrant, and there was no evidence that suggested Jones had drugs on his person or in the SUV when Officer Pavia searched him at the gas station.

Probable cause must be particularized with respect to the person being searched, and here we simply disagree that the totality of the circumstances established probable cause for the search. *See McCain v. Commonwealth*, 275 Va. 546, 553 (2008) (holding that even being present at a house that police associate with drug activity does not support a reasonable inference of criminal activity). Accordingly, the trial court erred by failing to suppress the round of ammunition and red baggy containing methamphetamine found on Jones and the handgun found in the SUV.

## III. CONCLUSION

For the aforementioned reasons, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*